L. A. PHILLIPS *v.* STATE OF ARKANSAS

5238                                                      408 S. W. 2d 883

Opinion delivered December 12, 1966

*A. M. Coates* and *J. Patrick Reilly,* for appellant.

*Bruce Bennett,* Attorney General; *Fletcher Jackson,* Asst. Atty. General; *James C. Wood,* Asst. Atty General, for appellee.

GEORGE ROSE SMITH, Justice. Charged with having murdered his wife, the appellant was found guilty of manslaughter and was sentenced to two years imprisonment. His principal contention is that the State's proof was not sufficient to support the verdict.

The State's evidence was entirely circumstantial. The accused, his wife, and their nineteen-year-old daughter Linda lived in two rooms at the back of a restaurant operated by the family in Helena. On Tuesday night, August 31, 1965, the parents slept in one room and Linda in the other. The next morning Mrs. Phillips did not awaken; she was unconscious and suffering convulsions. After some delay Phillips and his daughter succeeded in finding a doctor, who arranged for Mrs. Phillips's admission to a hospital. She died the following Sunday. Whether she ever regained consciousness was a disputed issue.

The State's proof consisted primarily of medical evidence derived from an autopsy. Mrs. Phillips's body was covered with many bruises, but the only one sufficiently serious to have led to her death was on the right side of her head. That bruise appeared to have been the result of a heavy blow inflicted by some blunt instrument. That blow brought about a massive cerebral hemorrhage, which unquestionably caused the woman's death.

There was abundant proof, not denied by Phillips himself, that for many years he and his wife had engaged in petty fights. As Linda put it, "There would be a lick or two pass about every day over a period of about ten years." There is no proof that Phillips had ever inflicted a serious injury upon his wife in the past. Some of the bruises disclosed by the autopsy were recent; others had been inflicted somewhat earlier.

Both Phillips and his daughter testified that some two weeks before the morning when Mrs. Phillips was found to be unconscious she had suffered a heavy fall

against a piece of concrete, injuring her head. They also testified that on the Sunday preceding the onset of her fatal illness she had fallen and struck her head against a shelf in the restaurant. The State offered no medical evidence to assist the jury in determining whether those earlier falls were capable of producing the hemorrhage that proved to be fatal.

In cases not dissimilar to this one we have held that when the State relies solely upon circumstantial evidence it must negate every other reasonable hypothesis of the cause of death. *Taylor* v. *State,* 211 Ark. 1014, 204 S. W. 2d 379 (1947); *Bowie* v. *State,* 185 Ark. 834, 49 S. W. 2d 1049, 83 A. L. R. 426 (1932). This case falls within the purview of those decisions. No effort was made by the prosecution to show that Mrs. Phillips's prior falls were too remote to have brought about the fatal hemorrhage. There is no intimation of what the blunt instrument might have been that was found to be the cause of death. There are so many deficiencies in the State's case that we are unwilling to sustain the conviction. Suspicion cannot be allowed to take the place of proof.

As a new trial is necessary we point out that the court properly refused to allow a witness to relate a statement assertedly made by Mrs. Phillips in an interval of consciousness shortly before her death. The statement, which tended to exculpate the accused, was not admissible either as a dying declaration or as a part of the res gestae.

Reversed and remanded for a new trial.